# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                      CRIMINAL ACTION NO. 5:04cr2-BrN

ARVELL BUNCH                                                       DEFENDANT

### ORDER

This cause is before the Court on the defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [docket entry no. 27], wherein the defendant requests a reduction of his sentence pursuant to the recent amendments to the sentencing guidelines applicable to offenses involving cocaine base and the subsequent decision by the United States Sentencing Commission to make this amendment retroactive.  Having carefully considered the motion, information provided by the United States Probation Office, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

On June 7, 2004, the defendant entered a plea of guilty to one count of possession with intent to distribute cocaine base, i.e., crack cocaine.  The original sentence imposed was 89 months imprisonment, 48 months supervised release, and a $1,500.00 fine. The defendant had a base offense level of 26.  Bunch received a three-level reduction for acceptance of responsibility, bringing his total offense level to a 23.  He was in a criminal history category of V.  The applicable guideline range for a total offense

level of 23 and a criminal history category of V was 84 to 105 months. Bunch received a sentence of 89 months of imprisonment.

Bunch now moves for a reduction of his sentence pursuant to Amendment 706 to the Sentencing Guidelines, which lowers the base offense levels applicable to crack cocaine offenses. Amendment 706 went into effect on November 1, 2007. The United States Sentencing Commission determined that Amendment 706 would apply retroactively through United States Sentencing Guidelines Manual § 1B1.10, effective on March 3, 2008. The result of the amendment and its retroactivity is that this Court, pursuant to 18 U.S.C. § 3582(c)(2), has the discretion to reduce the terms of a defendant's imprisonment when certain criteria are met.

Amendment 706 reduced the applicable guideline range in this case. The base offense level is now a 24. Factoring in the previously-applied 3-level reduction for acceptance of responsibility, Bunch now has a total offense level of 21. With a criminal history category of V, Bunch's new applicable range is 70 to 87 months. When he was originally sentenced, Bunch was sentenced in the lower 25% of the guideline range. The Court a applies the same calculation here. Accordingly, Bunch's sentence of imprisonment is modified from 89 months to 74 months of imprisonment.

### III. CONCLUSION AND ORDER

Based upon the foregoing analysis and authorities,

**IT IS HEREBY ORDERED** that the defendant's Motion for Reduction of Sentence [docket entry no. 27] is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendant Arvell Bunch's sentence be, and is hereby, reduced from 89 months to 74 months.

**IT IS FURTHER ORDERED** that all other terms and provisions of the original judgment remain unchanged and in full force and effect.

**SO ORDERED**, this the 2nd day of March 2009.

                                     s/ David Bramlette
                                 **UNITED STATES DISTRICT JUDGE**